122 F.3d 1242
 97 Cal. Daily Op. Serv. 6619, 97 Daily Journal
D.A.R. 10,786
Mary McCARTHY; Perry Williams; Eunice Williams,
Plaintiffs-Appellants,
v.
PROVIDENTIAL CORPORATION; Providential Home Income Plan,
Inc.; William J. Texido; Feroze A. Waheed,
Defendants-Appellees.
 No. 94-16384.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 6, 1995.
Decided Aug. 20, 1997.
 
 Edward M. Gergosian, Barrack, Rodos & Bacine, San Diego, California, for plaintiffs-appellants.
 David S. Steuer, Sarah A. Good, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, California, for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California; Fern M. Smith, District Judge, Presiding. D.C. No. CV-94-00627-FMS.
 Before: PREGERSON, BRUNETTI, and T.G. NELSON, Circuit Judges.
 Opinion by Judge BRUNETTI; Dissent by Judge PREGERSON.
 BRUNETTI, Circuit Judge:
 
 
 1
 The plaintiffs in this case are a group of senior citizen homeowners who entered into "reverse mortgage" loan agreements with the defendants. Alleging that the defendants misrepresented several key terms of the agreements, the plaintiffs filed a class-action lawsuit asserting Truth in Lending Act and various state-law claims. The district court, finding that the loan agreements contained valid arbitration provisions, ordered the individual plaintiffs to separately submit their claims to arbitration, and dismissed the plaintiffs' complaint. We hold that Congress has eliminated our jurisdiction to review this case under the Federal Arbitration Act. See 9 U.S.C. § 16(b). Thus, we dismiss this appeal without prejudice to a later timely, appeal.
 
 BACKGROUND
 
 2
 Defendants/Appellees, collectively referred to as "Providential," sell reverse mortgage loans to qualifying senior citizen homeowners. These loans are made in monthly installments, and are meant to supplement the senior citizen's income. Repayment of the principal and interest is deferred for as long as the borrower remains in his or her home. In exchange, the homeowner conveys to Providential a deed of trust for equity in the home equal to the amount borrowed plus interest. The reverse mortgage agreements consist of a deed of trust, a loan agreement, and a note. Providential also provided customers with other documents, including a Truth in Lending Act disclosure statement and promotional materials.
 
 
 3
 Plaintiffs/Appellants are or represent individuals who "bought" Providential's reverse mortgage loans. Because Appellants allege to have incurred substantial costs in their dealings with Providential that were not disclosed in (or were contrary to) the terms of the loan documents, they filed a class action lawsuit on behalf of themselves and all similarly situated senior citizen homeowners, alleging causes of action for violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), fraud, negligent misrepresentation, and state-law statutory violations.
 
 
 4
 Asserting that the deeds of trust executed by Appellants contain an enforceable arbitration provision, Providential filed a motion to compel arbitration on an individual basis pursuant to section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. The district court granted Providential's motion, ordering Appellants to submit their claims to arbitration on an individual basis. Because the court concluded that it did not have the power to order the arbitration to proceed on a consolidated or class-wide basis, it declined to make such an order and dismissed Appellants' pending class certification motion as moot. Furthermore, because the court concluded that none of Appellants' claims remained to be resolved by the court, it decided to dismiss, rather than stay, the action.
 
 
 5
 Appellants contend that the district court's ruling was erroneous because: (I) they did not agree to arbitrate their claims; (II) any arbitration agreement that was formed is voidable under the contract doctrines of fraud, adhesion, unconscionability, and illegality; and (III) the district court does have the power to order arbitration to proceed on a consolidated or class-wide basis. However, because we dismiss this appeal on a jurisdictional basis, we do not reach these issues.
 
 STANDARD OF REVIEW
 
 6
 Decisions regarding the validity and scope of arbitration agreements are reviewed de novo. Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., 925 F.2d 1136, 1139 (9th Cir.1991).
 
 DISCUSSION
 
 7
 Appellants contend that we have jurisdiction over this appeal under both 9 U.S.C. § 16(a)(3), as "a final decision" compelling arbitration, and as a final judgment appealable pursuant to 28 U.S.C. § 1291. However, as the appellees correctly state, Congress has set forth special rules governing appeals from a district court's arbitration order. Here, they argue, 9 U.S.C. § 16(b)(2) prohibits review of the district court's decision.
 
 
 8
 Section 16(b)(2), inter alia, prohibits appeals from interlocutory orders compelling arbitration to proceed under section 4. Thus, section 16(b)(2) bars review of the district court's decision unless the court's order can be characterized as a "final decision" pursuant to section 16(a)(3) or falls within one of the exceptions found in 16(a)(1) or (2).
 
 
 9
 When examining a district court's order compelling arbitration and dismissing the case under section 16, we must first determine whether the case involves an "independent" or "embedded" motion. Prudential Ins. Co. of America v. Lai, 42 F.3d 1299, 1302 (9th Cir.1994). As we stated in Prudential:
 
 
 10
 [I]f the motion to compel arbitration in a given case is the only claim before the district court, a decision to compel arbitration is deemed to dispose of the entire case, and permit appellate review under 9 U.S.C. § 16(a)(3). On the other hand, if the motion to compel arbitration is "embedded" in a substantive suit pending before that court, the district court's decision to compel arbitration of some or all of the claims before it is not considered to be final, and therefore not reviewable.
 
 
 11
 Prudential, 42 F.3d at 1302 (citations omitted) (holding that federal action to compel arbitration in state court sexual harassment and discrimination claims was independent proceeding).
 
 
 12
 Although Prudential set forth the framework for analyzing this type of claim, it did not consider the precise issue presented here. However, the Eighth Circuit has considered a case nearly identical to ours. See Gammaro v. Thorp Consumer Discount Co., 15 F.3d 93 (8th Cir.1994). In Gammaro, the panel held that it lacked jurisdiction over an appeal from an order compelling arbitration in a suit alleging Truth in Lending Act violations.[1] Id. at 95-97. The court held that such an order was interlocutory and could not be reviewed directly by the appellate courts. Id. The court also held that because such an order is not a "final decision" under section 16(a)(3), it also is not an appealable final decision under 28 U.S.C. § 1291. Id.
 
 
 13
 Here, the plaintiffs' Truth in Lending Act claim constituted the primary suit and, as in Gammaro, the defendant's motion to compel arbitration was an embedded proceeding. The reasoning presented in Gammaro is consistent with our holding in Prudential and we elect to follow the Eighth Circuit's decision.[2] Consequently, we deem this appeal to be interlocutory for the purposes of section 16(b)(2) and hold that we lack jurisdiction to consider it.
 
 
 14
 This analysis has been followed by the majority of courts examining the issue of interlocutory appeals under section 16. See, e.g., F.C. Schaffer & Assocs. Inc. v. Demech Contractors, Ltd., 101 F.3d 40, 42-3 (5th Cir.1996) (dismissing appeal from district court's order compelling arbitration for lack of jurisdiction); American Cas. Co. of Reading, Pennsylvania v. L-J, Inc., 35 F.3d 133, 135-39 (4th Cir.1994) (same); Filanto, S.P.A. v. Chilewich Int'l Corp., 984 F.2d 58, 60 (2d Cir.1993). But see Armijo v. Prudential Ins. Co. of America, 72 F.3d 793, 797 (10th Cir.1995) (holding that dismissal as a result of order to compel arbitration presents an appealable final decision); Arnold v. Arnold Corp., 920 F.2d 1269, 1276 (6th Cir.1990) (same). It is also supported by a plain reading of the statute and the attached practice commentary. See 9 U.S.C. § 16.
 
 
 15
 The dissent argues that our reliance on the above cases is misplaced because those cases involved stays rather than dismissals of actions. However, we reject this distinction because it is irrelevant to the ultimate disposition of the cases and ignores the clear dictates of the FAA. As the Second Circuit noted in Gammaro:
 
 
 16
 Although the district court's dismissal of the class allegations may evade review if Gammaro does not later seek such review [of the arbitrator's decision], this situation does not differ significantly from that of a litigant seeking to represent a class in any other type of litigation. An order denying class certification routinely forced individuals to litigate their individual claims before arriving at a final decision subject to review.
 
 
 17
 15 F.3d at 96; see also Coopers & Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). Here, as in Gammaro, the plaintiffs must arbitrate their claims before seeking review. Our action today certainly does not deprive the plaintiffs of any review which they may later seek.
 
 
 18
 The dissent eloquently articulates the procedural differences between stays and dismissals, but this interpretation adopts a rigid and formulaic interpretation of a statute which makes no distinction between the two. The dissent ignores the clear language of section 16 prohibiting review of orders compelling arbitration. Further, distinguishing between stays and dismissals for purposes of appellate review would condition the result upon the district court's decision. If circumstances compelled the court to stay the action, the case would proceed to an arbitrator; if the court dismissed all claims the case could be appealed immediately. We do not believe that Congress intended this arbitrary result when it barred appellate review of interlocutory orders compelling arbitration. We interpret the bar on appellate review to be just that, regardless of the terminology used by the trial court.
 
 
 19
 Finally, our interpretation of section 16 corresponds with Congress's clear desire to promote greater use of arbitration. See Gammaro, 15 F.3d at 96; see also David D. Siegal, Practice Commentary, 9 U.S.C. § 16 at 352-53 (West Supp.1997) (Section 16 "is a pro-arbitration statute designed to prevent the appellate aspect of the litigation process from impeding the expeditious disposition of an arbitration."). We acknowledge and agree with the dissent's concerns about the potential harshness of the arbitration requirement. However, the language of the statute is clear: we have no jurisdiction to review the district court's decision at the present time. We stress again that we are not precluding review of the district court's order compelling arbitration; we are merely postponing it until the arbitration proceeding has run its course.
 
 
 20
 For the reasons stated above, we dismiss for lack of jurisdiction.
 
 
 21
 DISMISSED.
 
 
 22
 PREGERSON, Circuit Judge, dissenting.
 
 
 23
 I dissent because the majority opinion wrongly deprives the senior citizens of their right to an appeal. The majority erroneously treats a final dismissal as an interlocutory stay and concludes that this court lacks jurisdiction. In my view, the district court's order compelling arbitration and dismissing the action was a final, appealable decision. This court therefore has jurisdiction to consider the appeal under 9 U.S.C. § 16(a)(3).
 
 
 24
 From the outset of this appeal, the parties treated the district court's decision as an appealable final order. During oral argument in December 1995, we also treated the district court's decision as an appealable final order. Today the majority concludes that we lack jurisdiction over what originally was and still remains a final dismissal of all claims before the district court.
 
 I. BACKGROUND
 
 25
 Plaintiffs in this case include Mary McCarthy, age 88, Perry and Eunice Williams, ages 90 and 84, respectively, John de Ridder, as executor of the Estate of his mother who died at age 93, and Eda Kavin, age 79. These senior citizens took out "reverse mortgages" with Providential. Their complaint alleges that Providential engaged in practices which were both unlawful and designed to deceive unsophisticated and inexperienced elderly borrowers. According to the senior citizens' complaint, Providential and its agents misrepresented the interest rate and finance charges of the reverse mortgages, and also misrepresented the borrowers' life expectancies and the impact of the arbitration provision. Regarding the arbitration provision, the senior citizens allege that Providential buried this requirement among more than twenty-five pages of legal-sized, fine print documents provided to elderly borrowers.
 
 
 26
 The senior citizens brought a Truth in Lending Act ("TILA") claim, 15 U.S.C. §§ 1601-1667f, and several state law claims in federal district court. TILA permits class actions, id. § 1640(a)(2)(B), and the senior citizens sought class certification to represent others who were allegedly victimized in Providential's "reverse mortgage" scheme.
 
 
 27
 In response to the senior citizens' complaint Providential filed a motion to compel arbitration on an individual basis. In July 1994, the district court issued an order that compelled the parties to submit their claims to arbitration. Relying on our decision in Weyerhaeuser Co. v. Western Seas Shipping Co., 743 F.2d 635, 636-37 (9th Cir.), cert. denied, 469 U.S. 1061, 105 S.Ct. 544, 83 L.Ed.2d 431 (1984), the district court concluded that "the court cannot compel arbitration on a class basis where the agreement did not specifically provide for it." The district court dismissed the senior citizens' motion for class certification, and vacated the scheduled hearing date for the class certification motion.
 
 The district court noted that:
 
 28
 Normally, under 9 U.S.C. § 3 [of the Federal Arbitration Act], a court would stay proceedings pending the conclusion of the arbitration.... However, in the present case, none of plaintiffs' claims remain to be resolved by this court, and therefore there is no reason to stay these proceedings pending the arbitrator's decision.
 
 
 29
 Accordingly, the Clerk of the Court was ordered to close the file.
 
 
 30
 Our jurisdiction in this case arises from 28 U.S.C. § 1291, which provides that "[t]he courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States." As the Supreme Court stated in Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945), "[a] 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." 324 U.S. at 233, 65 S.Ct. at 633. Nothing in the Federal Arbitration Act ("FAA") deprives us of our jurisdiction over final judgments:
 
 
 31
 Under the proposed statute, appealability does not turn solely on the policy favoring arbitration. Appeal can be taken from final judgments, including a final judgment in an action to compel arbitration ... or a final judgment dismissing an action in deference to arbitration. These appeals preserve the general policy that appeal should be available where there is nothing left to be done in the district court.
 
 
 32
 Stedor Enters., Ltd. v. Armtex, Inc., 947 F.2d 727, 731 (4th Cir.1991) (quoting 134 Cong. Rec. S16309 (daily ed. Oct. 14, 1988)).
 
 
 33
 II. EMBEDDED PROCEEDINGS ARE NOT NECESSARILY INTERLOCUTORY
 
 
 34
 In Prudential Insurance Co. of America v. Lai, 42 F.3d 1299 (9th Cir.1994), cert. denied, --- U.S. ----, 116 S.Ct. 61, 133 L.Ed.2d 24 (1995), we distinguished between "embedded" and "independent" arbitrability proceedings in determining whether an order compelling arbitration was a final decision. Id. at 1302. A proceeding is "independent" when "the motion to compel arbitration ... is the only claim before the district court." Id. By contrast, a proceeding is "embedded" if the motion to compel arbitration is " 'embedded' in a substantive suit pending before that court." Id. The embedded/independent distinction has been employed by many circuits considering the finality of orders compelling arbitration. Admittedly, the arbitrability determination in this case is an embedded proceeding, not an independent proceeding. The majority opinion, however, mechanically applies the embedded/independent distinction to arrive at a result that is without logical support.
 
 
 35
 It is well-settled that an order by the district court in an independent action to compel arbitration is a final decision for the purposes of 9 U.S.C. § 3. See, e.g., Prudential Ins. Co., 42 F.3d at 1302 ("[E]very court that has considered the issue to date has concluded that if the motion to compel arbitration in a given case is the only claim before the district court, a decision to compel arbitration is deemed to dispose of the entire case, and permit appellate review under 9 U.S.C. § 16(a)(3)."). This doctrine makes sense; the district court's order compelling arbitration in an independent proceeding will necessarily dispose of the only issue before the court. Therefore, an order compelling arbitration in an independent proceeding will always be a final, appealable decision.
 
 
 36
 While orders compelling arbitration in all independent arbitrability proceedings are necessarily final decisions, it does not logically follow that orders in all embedded arbitrability proceedings are necessarily interlocutory. Admittedly, most orders in embedded proceedings are interlocutory. These orders are not interlocutory, however, simply because they are embedded. Rather, orders compelling arbitration from embedded proceedings are usually interlocutory because the FAA allows the district court to stay the action pending the outcome of arbitration. See 9 U.S.C. § 3. The district court here acknowledged that the standard practice is for a district court to grant a stay pending arbitration. When a district court follows the standard practice of staying the action pending the outcome of the ordered arbitration, that court has not made a "final decision" regarding all issues before it. Id. § 16(a)(3). Under these circumstances, the arbitration order is appropriately deemed interlocutory.
 
 
 37
 The district court in this case, however, consciously chose to depart from the standard practice of staying the action and disposed of all the issues before it with its order compelling arbitration. This order dismissed the entire action and operated "as an adjudication upon the merits." Fed.R.Civ.P. 41(b). This court and other circuits have pointed out that the disposition of all issues before the district court and the adjudication of the merits of the action are characteristics of an appealable final decision. See Amgen, Inc. v. Kidney Ctr. of Del. County, Ltd., 95 F.3d 562, 566 (7th Cir.1996) (reasoning that orders issued in independent proceedings are final and appealable because "[w]hen a district court's order disposes of all of the issues that are before it, the order is usually considered to be final"); Prudential, 42 F.3d at 1302 (reasoning that, where a motion to compel arbitration is the only claim before the district court, appellate review of an order compelling arbitration is permissible because such an order is "deemed to dispose of the entire case"); Stedor Enters., 947 F.2d at 731 ("[W]hen a district court compels arbitration in a proceeding in which there are no other issues before the court, that order is final ... because the court has disposed of the whole case on the merits."). The Second Circuit's reasoning regarding independent proceedings applies with equal force to the present case:
 
 
 38
 [A]n arbitrability decision arising from an independent proceeding ... resolves the sole issue before the court. Consequently, once a court conducting an independent proceeding determines that a dispute is or is not arbitrable, the court generally does not retain jurisdiction over the parties. Because in such circumstances the district court's arbitrability decision ends the litigation on the merits and leaves nothing for the court to do but execute the judgment, it is a final decision.
 
 
 39
 Matter of Chung and President Enters., 943 F.2d 225, 228 (2d Cir.1991) (emphasis added) (internal quotation and citations omitted).
 
 
 40
 The district court's order in this case ended the litigation on the merits and left nothing for the court to do. The district court's order is therefore a final, appealable decision.
 
 
 41
 III. DISMISSAL OF AN ACTION INVOLVING AN EMBEDDED
 
 
 42
 ARBITRABILITY PROCEEDING IS AN APPEALABLE FINAL JUDGMENT
 
 
 43
 There are two different courses of action that a district court may take when ordering arbitration in an embedded arbitrability proceeding. Most of the time, the district court stays the case pending the outcome of arbitration. It is well-settled that an order compelling arbitration in those circumstances is an interlocutory order. See Prudential, 42 F.3d at 1302. Occasionally, however, the district court dismisses the entire case upon ordering arbitration; this is true of the present case. In these circumstances, I believe that the order compelling arbitration is a final, appealable decision. Logic and the law of two federal circuits support this view.
 
 
 44
 While the Ninth Circuit has not ruled on the issue whether an order compelling arbitration and dismissing an action is a final decision, the Sixth and Tenth Circuits have held that, where the district court dismisses the action upon ordering arbitration, the order is an appealable final decision. In Arnold v. Arnold Corp., 920 F.2d 1269 (6th Cir.1990), the Sixth Circuit held that an order dismissing a complaint in deference to arbitration was a final decision because there was "nothing left for the district court to do but execute the judgment." 920 F.2d at 1276. The court in Arnold stated that "a final order is one which dismisses 'an action in deference to arbitration' and enters a final judgment." Id. at 1275 (quoting 134 Cong. Rec. S16284 (daily ed. Oct. 14, 1988)).
 
 
 45
 In Armijo v. Prudential Insurance Co. of America, 72 F.3d 793 (10th Cir.1995), the Tenth Circuit held that a "district court's order granting [the defendant's] motion to compel arbitration and to dismiss [the][p]laintiffs' claims was clearly a final order" over which the Court of Appeals had jurisdiction. Id. at 797; see also Adair Bus Sales, Inc. v. Blue Bird Corp., 25 F.3d 953, 955 (10th Cir.1994) (holding that, because appeal was presented to the appellate court upon the district court's order of dismissal, the appellate court had jurisdiction and could correct procedural error where the district court erroneously dismissed the action instead of granting defendant's motion for stay of action pending outcome of arbitration).
 
 
 46
 The majority, however, chooses to rely on the contrary holdings of the Eighth and Fifth Circuits. In Gammaro v. Thorp Consumer Discount Co., the Eighth Circuit held that a district court's order compelling arbitration and dismissing class allegations was an embedded proceeding and was therefore interlocutory. 15 F.3d 93, 95 (8th Cir.1994). The court in Gammaro acknowledged the "harshness" of the "bright-line" rule it adopted. Id. at 96. In Altman Nursing, Inc. v. Clay Capital Corp., 84 F.3d 769 (5th Cir.1996), the Fifth Circuit held that the test of finality is whether the order arose out of an independent or embedded arbitrability proceeding, regardless of whether the order completely ended the litigation on the merits in the district court. Id. at 771.
 
 
 47
 The majority opinion also cites to cases from several other circuits in support of its assertion that the majority of circuits that have addressed this issue have followed the holding of Gammaro. The majority's reliance on these cases is misplaced, however, because the facts of these cases involve stays rather than dismissals of actions. See F.C. Schaffer & Assocs., Inc. v. Demech Contractors, Ltd., 101 F.3d 40, 41, 43 (5th Cir.1996) (holding that a denial of a motion for declaratory judgment against arbitration and a stay of court litigation pending the outcome of arbitration is not a final decision); American Cas. Co. of Reading, Penn. v. L-J, Inc., 35 F.3d 133, 139 (4th Cir.1994) (holding that an order staying litigation pending arbitration of embedded claims is not a final decision); Filanto, S.P.A. v. Chilewich Int'l Corp., 984 F.2d 58, 61 (2d Cir.1993) (holding that an order compelling arbitration that did not dismiss the complaint was not appealable).[1]
 
 
 48
 The majority opinion and the Eighth and Fifth Circuit authority on which it relies ignore the critical distinction between a stay and a dismissal. Under a stay, the district court retains jurisdiction over the action. Matter of Chung, 943 F.2d at 228 ("Since a court retains jurisdiction over the parties to an embedded proceeding while they arbitrate a discrete portion of their dispute, it is logical to delay an appeal of a ruling compelling arbitration until the court subsequently confirms or rejects the arbitrator's decision."); Delta Computer Corp. v. Samsung Semiconductor & Telecomms. Co., 879 F.2d 662, 663 (9th Cir.1989) (noting that the district court stayed the proceedings and retained jurisdiction to monitor the case and enforce any arbitration award). By contrast, after a dismissal, the district court does not retain jurisdiction. Fed.R.Civ.P. 41(b); Matter of Chung, 943 F.2d at 228 ("[O]nce a court conducting an independent proceeding determines that a dispute is or is not arbitrable, the court generally does not retain jurisdiction over the parties.").
 
 
 49
 By ignoring the distinction between a stay and a dismissal and treating the dismissal in this case as interlocutory, the majority creates a jurisdictional loophole that unjustifiably precludes immediate appeal in cases where the arbitrability issue is embedded but the action is dismissed rather than stayed. In this case, this loophole disadvantages the senior citizens and benefits Providential. Under the majority's approach, the senior citizens' claims are completely dismissed from the district court unless and until the senior citizens apply for review after the arbitration proceeding has run its course. Moreover, the senior citizens are denied the opportunity for immediate appeal that such a dismissal would ordinarily provide. Providential, however, is shielded from the possibility of immediate appeal of the arbitration order and also enjoys the benefit of an immediate dismissal of the senior citizens' claims from federal court.
 
 
 50
 Finally, I also note that the majority's new jurisdictional rule effectively deprives the senior citizens of any hope for review of their claims that Providential effectively cheated them out of their home equity. As stated above, TILA provides for class actions in federal court. 15 U.S.C. § 1640(a)(2)(B). Plaintiffs sought to represent the class of senior citizens who had purchased reverse mortgages from Providential, by bringing federal and state claims in federal court.
 
 
 51
 Instead, the senior citizens have been denied their day in federal court and have been told to turn to arbitration. Because we have held that the Federal Arbitration Act does not permit consolidation of separate arbitration claims absent express language in the arbitration clause that allows such consolidation, Weyerhaeuser Co., 743 F.2d at 637, the senior citizens will be forced to separately arbitrate each individual claim in a proceeding that may be prohibitively expensive. In support of its motion to compel arbitration, Providential submitted the 1993 Commercial Arbitration Rules of the American Arbitration Association. Based on the rates found within these rules, and assuming a multi-arbitrator panel sitting for five days, average minimum damages of $50,000, and a class-wide total of 1500 members, the senior citizens in the proposed class would have to pay over $3.75 million to even gain access to the arbitral system. (Appellants' Opening Brief at 14). Each senior citizen would be forced to pay $2,500 of out-of-pocket expenses to proceed to arbitration. Id. at 14 n. 10. This represents a tremendous sum for an elderly person who relies on income from a reverse mortgage. Hence the majority's new jurisdictional rule may do more than close the door on federal court proceedings; it effectively sounds a death knell for the entire action.
 
 IV. CONCLUSION
 
 52
 The jurisdictional bar created by the majority gives Providential and its agents a windfall. The company benefits from both the dismissal of the senior citizens' claims from federal court and the protection from appeal that is bestowed by the majority. Moreover, Providential may reap the additional benefit of avoiding arbitration with senior citizens who are too poor to pay initial arbitration fees. Because the majority unfairly deprives the senior citizens of their appeal of right, I dissent.
 
 
 
 [1]
 As with this case, the arbitration agreement was not located in the disclosure statement; instead the loan agreement provided for arbitration. Id. at 95
 
 
 [2]
 This analysis is supported by the practice commentary to 9 U.S.C. § 16:
 When for example, a decision about the arbitrability of an issue arises in an ordinary action in a U.S. district court, such as on a motion by one of the parties to stay the action and compel the arbitration of its issues, the decision in that context is merely interlocutory: the action, whichever way the court may rule on the motion, is not finally determined and the decision therefore qualifies as just an intermediate one. As such, it would not be appealable unless it fell under one of the exceptions listed in § 1292(a). Since it does not fall under any of those exceptions, an appeal from the arbitrability ruling would be barred.
 Section 16 effectively addresses this "embedded" proceeding by explicitly allowing an immediate appeal from an anti-arbitration decision wile precluding an appeal when the decision is in favor of arbitration.
 David D. Siegal, Practice Commentary, 9 U.S.C. § 16 at 353 (West Supp.1997).
 
 
 [1]
 Significantly, in Filanto, the Second Circuit held that an order compelling arbitration that failed to expressly dismiss the complaint was not appealable. 984 F.2d at 61. The court in Filanto acknowledged that its reasoning supports the inference that a judgment of dismissal by the court would have rendered the order an appealable final decision. Id. at 61 n. 3