[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 97-1407

MICHAEL NWOGUGU,
Plaintiff, Appellant,

v.

PAINEWEBBER INC.,
AND BOARD OF DIRECTORS OF PAINEWEBBER PROPERTIES,
Defendants, Appellees.


Misc. No. 97-8020

IN RE: MICHAEL NWOGUGU,
Petitioner.


APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge] 


Before

Boudin, Stahl and Lynch, Circuit Judges. 



Michael Nwogugu on brief pro se. 
David J. Kerman, Mark C. DiVincenzo and Jackson, Lewis, 
Schnitzler & Krupman on brief for appellees. 



OCTOBER 2, 1997


Per Curiam. Michael Nwogugu appeals pro se from a 

district court judgment dismissing his complaint in light of

pending arbitration, as well as from the denial of post-

judgment motions to reconsider and to reopen his case. We

affirm.1 1

Contrary to Nwogugu's suggestion, we think this case is

governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. 

1-16, because there was a written agreement to submit an

existing controversy to arbitration, see 9 U.S.C. 2. We 

reject Nwogugu's contention that he falls within the

exclusionary clause in 1 of the FAA because the dispute

arises out of an employment contract. In Dickstein v. 

duPont, 443 F.2d 783, 785 (1st Cir. 1971), this court 

narrowly construed the 1 exclusion of "contracts of

employment of . . . workers engaged in foreign or interstate

 

1Nwogugu also seeks, by way of separate motions, summary 1
disposition of the instant appeal and reconsideration of our
previous denial of mandamus relief. Although Nwogugu does
not seek mandamus relief on the ground that appellate
jurisdiction may be lacking, and appellees have never
questioned our appellate jurisdiction, we note that it is not
entirely clear that the dismissal in favor of arbitration is
a final, appealable order. Compare McCarthy v. Providential 
Corp., 1997 WL 471876, at **2-4 (9th Cir. Aug. 20, 1997) (2-1 
decision) (dismissing, as interlocutory, appeal from order
compelling arbitration and dismissing complaint) with Armijo 
v. Prudential Ins. Co. of America, 72 F.3d 793, 979 (10th 
Cir. 1995) (holding that dismissal as a result of order to
compel arbitration presents an appealable final decision).
We need not resolve the jurisdictional issue since it would
not alter the outcome. We deny the motions for summary
disposition and reconsideration of the denial of mandamus
relief on the ground that we have found no error, much less
clear and indisputable error. 

-2-

commerce" as limited to those employees "involved in or

closely related to the actual movement of goods in interstate

commerce." Nwogugu was a real estate analyst. Since he was

not involved in the transportation industry (or otherwise

involved in the movement of goods), the exclusionary clause

does not apply. 

Although Nwogugu cites to civil rights and other

statutes in his brief, we are persuaded that his lawsuit,

fairly construed, was limited to common law claims.2 These 2

common law claims appear to be, at bottom, identical to

claims which Nwogugu agreed to arbitrate, and, indeed, was

pursuing in arbitration during the pendency of his lawsuit.

Under the circumstance, the district court appropriately

dismissed the case, see, e.g., Alford v. Dean Witter 

Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992), and 

there is no need for us to address Nwogugu's arguments that

various statutory claims are non-arbitrable.3  3

 

2Nwogugu's amended complaint lists a series of common law 2
claimsand this same list is repeated in subsequent filings. 

3Nwogugu also contends that his common law claims are non- 3
arbitrable because punitive damages are unavailable in
arbitration. In support of this argument, he points out that
the employment contract provides that it "shall be governed
by the law of the State of New York," and that New York state
law prohibits arbitral awards of punitive damages, see 
Garrity v. Lyle Stuart, Inc., 40 N.Y.2d 354, 353 N.E.2d 793 
(1976). Nwogugu raised this argument for the first time in a
post-judgment motion. See FDIC v. World Univ. Inc., 978 F.2d 
10, 16 (1st Cir. 1992) (observing that Rule 59(e) motions
should not be used to raise arguments which could, and
should, have been made before judgment issued). We perceive

-3-

Nwogugu complains that "justice and the right to due

process" demanded that the district court hold hearings on

his various preliminary motions (including motions for a

temporary restraining order, preliminary injunction, writ of

attachment, and summary judgment). However, the district

court properly deferred ruling on these motions pending its

decision on the motion to dismiss, and the dismissal obviated

the need to explicitly address them.

Nwogugu argues that he was entitled to summary judgment

on the ground that defendants failed to oppose his (tardy)

statement of facts. See Carreiro v. Rhodes Gill & Co., 68 

F.3d 1443, 1446 n.3 (1st Cir. 1995) (observing that under

Local Rule 56.1 of the District of Massachusetts, properly

supported facts set forth by the moving party are deemed

admitted unless controverted by the factual statement of the

opposing party). This argument fails. Having concluded that

Nwogugu agreed to arbitrate his dispute, the district court

appropriately refrained from reaching the merits of Nwogugu's

 

no manifest error of law. "The potential unavailability of
punitive damages is not a ground for denying effect to an
otherwise valid agreement to arbitrate." Morgan v. Smith 
Barney, Harris Upham & Co., 729 F.2d 1163, 1168 n.7 (8th Cir. 
1984). We add that it is by no means apparent that punitive
damages, if otherwise proper, are unavailable to Nwogugu in 
arbitration. See Mastrobuono v. Shearson Lehman Hutton, 
Inc., 115 S. Ct. 1212, 1216 (1995) (observing that if 
contracting parties agree to include claims for punitive
damages within the issues to be arbitrated, the FAA ensures
that their agreement will be enforced according to its terms
even if a rule of state law would otherwise exclude such
claims from arbitration). 

-4-

motion for summary judgment. 

Nwogugu contends that his lawsuit should have been

reopened based upon a post-dismissal letter to the National

Association of Securities Dealers requesting to withdraw his

claims in arbitration conditional upon the district court

reopening his action. We disagree. Having agreed to an

alternative forum, Nwogugu cannot simply change his mind and

decide he wants a judicial forum after all. Otherwise,

arbitration agreements would be unenforceable.

We have carefully considered Nwogugu's remaining

arguments and reject them as without merit. Accordingly, the

judgment below is affirmed. 

-5-