USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1407 MICHAEL NWOGUGU, Plaintiff, Appellant, v. PAINEWEBBER INC., AND BOARD OF DIRECTORS OF PAINEWEBBER PROPERTIES, Defendants, Appellees. ____________________ Misc. No. 97-8020 IN RE: MICHAEL NWOGUGU, Petitioner. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. George A. O'Toole, Jr., U.S. District Judge] ___________________ ____________________ Before Boudin, Stahl and Lynch, Circuit Judges. ______________ ____________________ Michael Nwogugu on brief pro se. _______________ David J. Kerman, Mark C. DiVincenzo and Jackson, Lewis, __________________ _____________________ ________________ Schnitzler & Krupman on brief for appellees. ____________________ ____________________ OCTOBER 2, 1997 ____________________ Per Curiam. Michael Nwogugu appeals pro se from a __________ ___ __ district court judgment dismissing his complaint in light of pending arbitration, as well as from the denial of post- judgment motions to reconsider and to reopen his case. We affirm.1 1 Contrary to Nwogugu's suggestion, we think this case is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C.  1-16, because there was a written agreement to submit an existing controversy to arbitration, see 9 U.S.C. 2. We ___ reject Nwogugu's contention that he falls within the exclusionary clause in 1 of the FAA because the dispute arises out of an employment contract. In Dickstein v. _________ duPont, 443 F.2d 783, 785 (1st Cir. 1971), this court ______ narrowly construed the 1 exclusion of "contracts of employment of . . . workers engaged in foreign or interstate  ____________________ 1Nwogugu also seeks, by way of separate motions, summary 1 disposition of the instant appeal and reconsideration of our previous denial of mandamus relief. Although Nwogugu does not seek mandamus relief on the ground that appellate jurisdiction may be lacking, and appellees have never questioned our appellate jurisdiction, we note that it is not entirely clear that the dismissal in favor of arbitration is a final, appealable order. Compare McCarthy v. Providential _______ ________ ____________ Corp., 1997 WL 471876, at **2-4 (9th Cir. Aug. 20, 1997) (2-1 _____ decision) (dismissing, as interlocutory, appeal from order compelling arbitration and dismissing complaint) with Armijo ____ ______ v. Prudential Ins. Co. of America, 72 F.3d 793, 979 (10th ________________________________ Cir. 1995) (holding that dismissal as a result of order to compel arbitration presents an appealable final decision). We need not resolve the jurisdictional issue since it would not alter the outcome. We deny the motions for summary disposition and reconsideration of the denial of mandamus relief on the ground that we have found no error, much less clear and indisputable error.  -2- commerce" as limited to those employees "involved in or closely related to the actual movement of goods in interstate commerce." Nwogugu was a real estate analyst. Since he was not involved in the transportation industry (or otherwise involved in the movement of goods), the exclusionary clause does not apply.  Although Nwogugu cites to civil rights and other statutes in his brief, we are persuaded that his lawsuit, fairly construed, was limited to common law claims.2 These 2 common law claims appear to be, at bottom, identical to claims which Nwogugu agreed to arbitrate, and, indeed, was pursuing in arbitration during the pendency of his lawsuit. Under the circumstance, the district court appropriately dismissed the case, see, e.g., Alford v. Dean Witter ___ ____ ______ ____________ Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992), and _______________ there is no need for us to address Nwogugu's arguments that various statutory claims are non-arbitrable.3  3  ____________________ 2Nwogugu's amended complaint lists a series of common law 2 claimsand this same list is repeated in subsequent filings.  3Nwogugu also contends that his common law claims are non- 3 arbitrable because punitive damages are unavailable in arbitration. In support of this argument, he points out that the employment contract provides that it "shall be governed by the law of the State of New York," and that New York state law prohibits arbitral awards of punitive damages, see ___ Garrity v. Lyle Stuart, Inc., 40 N.Y.2d 354, 353 N.E.2d 793 _______ __________________ (1976). Nwogugu raised this argument for the first time in a post-judgment motion. See FDIC v. World Univ. Inc., 978 F.2d ___ ____ ________________ 10, 16 (1st Cir. 1992) (observing that Rule 59(e) motions should not be used to raise arguments which could, and should, have been made before judgment issued). We perceive -3- Nwogugu complains that "justice and the right to due process" demanded that the district court hold hearings on his various preliminary motions (including motions for a temporary restraining order, preliminary injunction, writ of attachment, and summary judgment). However, the district court properly deferred ruling on these motions pending its decision on the motion to dismiss, and the dismissal obviated the need to explicitly address them. Nwogugu argues that he was entitled to summary judgment on the ground that defendants failed to oppose his (tardy) statement of facts. See Carreiro v. Rhodes Gill & Co., 68 ___ ________ _________________ F.3d 1443, 1446 n.3 (1st Cir. 1995) (observing that under Local Rule 56.1 of the District of Massachusetts, properly supported facts set forth by the moving party are deemed admitted unless controverted by the factual statement of the opposing party). This argument fails. Having concluded that Nwogugu agreed to arbitrate his dispute, the district court appropriately refrained from reaching the merits of Nwogugu's  ____________________ no manifest error of law. "The potential unavailability of punitive damages is not a ground for denying effect to an otherwise valid agreement to arbitrate." Morgan v. Smith ______ _____ Barney, Harris Upham & Co., 729 F.2d 1163, 1168 n.7 (8th Cir. __________________________ 1984). We add that it is by no means apparent that punitive damages, if otherwise proper, are unavailable to Nwogugu in _______ arbitration. See Mastrobuono v. Shearson Lehman Hutton, ___ ___________ _________________________ Inc., 115 S. Ct. 1212, 1216 (1995) (observing that if ____ contracting parties agree to include claims for punitive damages within the issues to be arbitrated, the FAA ensures that their agreement will be enforced according to its terms even if a rule of state law would otherwise exclude such claims from arbitration).  -4- motion for summary judgment.  Nwogugu contends that his lawsuit should have been reopened based upon a post-dismissal letter to the National Association of Securities Dealers requesting to withdraw his claims in arbitration conditional upon the district court reopening his action. We disagree. Having agreed to an alternative forum, Nwogugu cannot simply change his mind and decide he wants a judicial forum after all. Otherwise, arbitration agreements would be unenforceable. We have carefully considered Nwogugu's remaining arguments and reject them as without merit. Accordingly, the judgment below is affirmed. ________ -5-