141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David HIDALGO, an individual; Isidro Espinoza, an
individual; Pedro Moreno, an individual; Jose NMN
Rodriguez, an individual; Jose Ruiz, an individual; Jose
Zazueta, an individual; Javier Fregosa, an individual; and
Umberto Alvarez, an individual; on behalf of themselves and
all others similarly situated, Plaintiffs-Appellants,
v.
DIVERSIFIED TRANSPORT SYSTEM, INC., a California corporation
dba Golden West Transport; Golden West
Freightlines, Inc., dba Golden West
Transport, Defendants-Appellees.
 No. 96-56609.
D.C. No. CV-95-00533-IEG.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1998.
Decided Feb. 26, 1998.
 
 Appeal from the United States District Court for the Southern District of California Irma E. Gonzalez, District Judge, Presiding.
 Before WALLACE, TROTT, and HAWKINS, Circuit Judges.
 
 ORDER
 
 1
 Hidalgo and the other appellants (drivers) appeal from portions of an adverse judgment. The district court entered an order granting Diversified Transport System's (Diversified) motion to dismiss and motion to compel arbitration on five of the drivers' claims. The drivers' complaint alleged that they were not properly compensated, in violation of their collective bargaining agreement. The district court had jurisdiction pursuant to 18 U.S.C. §§ 1964(a), 1964(c); 28 U.S.C. §§ 1331, 1337; and 29 U.S.C. § 216(b).
 
 
 2
 It appeared at oral argument that counsel for each party had agreed on the type of arbitration that will occur as a result of the district court's order, but we need not address this for the reasons following.
 
 
 3
 The drivers ask us to review the order to compel arbitration. We only have jurisdiction to review orders to compel arbitration if the motion to compel arbitration was "independent" and not "embedded" in a substantive suit. McCarthy v. Providential Corp., 122 F.3d 1242, 1244 (9th Cir.1997) (McCarthy ); Prudential Insurance Co. v. Lai, 42 F.3d 1299, 1302 (9th Cir.1994) (Prudential ).
 
 
 4
 The drivers' action was for breach of contract and implied covenant of good faith and fair dealing, fraud, RICO violations, and violations of the Fair Labor Standards Act. The order to compel arbitration arose from a motion by Diversified. The motion to compel arbitration is thus not "the only claim before the district court." Prudential, 42 F.3d at 1302. "Independent proceedings have been defined as those in which 'the only issue before the court is the dispute's arbitrability,' while embedded proceedings are, in short, all other proceedings in which the question of arbitration arises." Gammaro v. Thorp Consumer Discount Co., 15 F.3d 93, 95 (8th Cir.1994) (citation omitted).
 
 
 5
 Appeals from embedded motions to compel arbitration are interlocutory, even if the other claims have been dismissed. McCarthy, 1242 F.3d at 1244. "We stress again that we are not precluding review of the district court's order compelling arbitration; we are merely postponing it until the arbitration proceeding has run its course." Id. at 1245.
 
 
 6
 DISMISSED FOR LACK OF JURISDICTION.
 
 
 7
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.