**O.P.C. FARMS INC., Plaintiff–Appellant,**

v.

**CONOPCO INC., a New York Corporation dba Van Den Bergh Foods and Ragu, Defendant–Appellee.**

**No. 97–15633.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 1998.

Decided Sept. 8, 1998.

---

Donald S. Black, McCormick, Barstow, Sheppard, Wayte & Carruth, Fresno, CA, for plaintiff–appellant.

Thomas M. Peterson, Brobeck, Phleger & Harrison, San Francisco, CA, for defendant–appellee.

Before: REINHARDT, NOONAN, and THOMPSON, Circuit Judges.

NOONAN, Circuit Judge:

O.P.C. Farms, Inc. (O.P.C.), a California corporation, appeals the decision of the district court appointing a third arbitrator in O.P.C.'s suit against Conopco, Inc. (Conopco), a New York corporation. Lacking jurisdiction, we dismiss the appeal.

## PROCEEDINGS

O.P.C. is a grower of tomatoes in San Joaquin Valley, California. Conopco is a tomato processor buying tomatoes from O.P.C. In 1994 O.P.C. sued Conopco in the Superior Court of Fresno County California for deceit, breach of contract and breach of the covenant of good faith and fair dealing. On grounds of diversity Conopco removed the case to the federal district court for the Eastern District of California.

Pursuant to the parties' stipulation, the district court stayed court proceedings pending arbitration in accordance with an arbitration clause in the contract at issue.

One portion of the clause provided:

All arbitrations shall be by three arbitrators, one of whom shall be appointed by the Seller, one by the Buyer and the third shall be appointed jointly by the other two. The arbitrators shall in all cases be familiar with the growing and canning of tomatoes. The determination of the majority of the arbitrators shall be binding and final upon the parties hereto.

Each party selected an arbitrator but they were unable to agree upon the third. Pursuant to 9 U.S.C. § 5, Conopco asked the court to appoint the third. The court made the appointment over O.P.C.'s objection.

O.P.C. appeals.

## ANALYSIS

Effective November 19, 1988 federal law provides for appeals from orders affecting arbitration as follows:

§ 16. Appeals

(a) An appeal may be taken from—

(1) an order—

(A) refusing a stay of any action under section 3 of this title,

(B) denying a petition under section 4 of this title to order arbitration to proceed,

(C) denying an application under section 206 of this title to compel arbitration,

(D) confirming or denying confirmation of an award or partial award, or

(E) modifying, correcting, or vacating an award;

(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

(3) a final decision with respect to an arbitration that is subject to this title.

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—

(1) granting a stay of any action under section 3 of this title;

(2) directing arbitration to proceed under section 4 of this title;

(3) compelling arbitration under section 206 of this title; or

(4) refusing to enjoin an arbitration that is subject to this title.

9 U.S.C. § 16.

It is apparent that the only basis for an appeal in this case that could even be plausibly argued is § 16(a)(3). It is, however,

clear that the appointment of the third arbitrator is not the final decision in this case. There will be a decision by the arbitrators and then a final judgment by the district court. Consequently § 16 effectively deprives us of jurisdiction. The technical description of the district court's order appointing the arbitrator is that the order is "embedded" in the case. *McCarthy v. Providential Corp.*, 122 F.3d 1242, 1244 (9th Cir.1997). The nonappealability of such an order reflects the studied determination of Congress to promote arbitration and to keep judicial involvement to the barest minimum. *See* David D. Siegel, Practice Commentary, 9 U.S.C.A. § 16, at 376 (West Supp.1998).

**DISMISSED.**