James J. COOK; Christiane A. Cook, Plaintiffs–Appellants,

v.

William C. ERBEY; Ocwen Financial Corp., Defendants–Appellees.

No. 98–55872.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2000

Decided March 10, 2000

Dirk Vincent, Fairbank & Vincent, Los Angeles, California, for the plaintiffs–appellants.

Lisa Popovich, Paul, Hastings, Janofsky & Walker LLP, Los Angeles, California, for the defendants–appellees.

Before: PREGERSON, BOOCHEVER, and THOMAS, Circuit Judges.

BOOCHEVER, Circuit Judge:

We conclude that we do not have appellate jurisdiction over this appeal.

## FACTS

In 1996, Ocwen Financial Corporation ("OFC"), a Florida corporation, and its wholly owned subsidiary, Ocwen Financial Services, Inc. ("OFS"), acquired a company named Admiral Home Loan ("Admiral"). An Asset Purchase Agreement ("Purchase Agreement") dated October 29, 1996, provided that appellant James Cook ("Cook"), one of Admiral's founding partners and owners, and Admiral's other owners, were to become employees of and stockholders in OFS. Cook is a resident of California.

The Purchase Agreement contained an arbitration clause:

Any controversy or claim between ... Buyer and the Admiral Owners arising out of or relating to this Agreement *or agreements or instruments relating hereto or delivered in connection herewith,* including, but not limited to, a claim based on or arising from any alleged tort, will, at the request of any party, be determined by binding arbitration.

(Emphasis added.) Cook, OFS, and the other Admiral owners signed the Purchase Agreement.

The Purchase Agreement also provided that the parties would enter into a number of other agreements, including a Stockholders' Agreement. Cook, OFS, and the other Admiral owners signed the Stockholders' Agreement in April 1997, under which Cook and Admiral's other owners exchanged their shares in Admiral for OFS stock.

In late 1997, a dispute arose between the former Admiral owners and the OFS board of directors, which planned to issue additional shares of OFS common stock, thus diluting the minority shareholders' interest in the company unless they purchased additional shares. Cook and his wife, Christiane Cook, filed an application for a temporary restraining order in the Central District of California to prevent the board from issuing the stock, naming as defendants OFC, OFS's director, William Erbey, and OFS. The court denied the application.

The defendants requested arbitration, citing the Purchase Agreement. The Cooks responded that "the complaint is filed by and against parties who are not subject to the arbitration agreement and involves non-arbitrable claims" and refused to arbitrate. The Cooks filed a First Amended Complaint and a Motion for a Preliminary Injunction. The defendants filed a "Motion To Dismiss or in the Alternative to Stay the Action and/or Compelling Arbitration" under the Federal Arbitration Act, 9 U.S.C. §§ 3, 4 (1994).

On January 26, 1998, the day of the hearing on the motion to dismiss, the Cooks dismissed defendant OFS without prejudice and filed a demand for jury trial under 9 U.S.C. § 4.[1] The district court granted the motion to dismiss because "a valid agreement to arbitrate exists to which all of the parties before the Court are subject [and] all of the claims ... are subject to arbitration," [ER p. 262] and declared the motion for a preliminary injunction moot. Although the court declined to address the demand for a jury trial because it had not yet seen the papers, it suggested that the demand be raised in a different motion.

The Cooks refiled their jury trial demand as a Motion for a New Trial or for Relief from Judgment under Federal Rules of Civil Procedure 59 and 60. The

---

**1.** Title 9 U.S.C. § 4 provides that when a party files a motion in district court to compel arbitration,

upon being satisfied that the making of the agreement ... is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.... If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.

district court denied the motion for a new trial on April 1, 1998. [ER pp. 267–270]

## DISCUSSION

"Congress has set forth special rules governing appeals from a district court's arbitration order." *McCarthy v. Providential Corp.*, 122 F.3d 1242, 1243 (9th Cir.1997), *cert. denied*, 525 U.S. 921, 119 S.Ct. 275, 142 L.Ed.2d 227 (1998). Under those rules and under this circuit's precedent, this court does not have jurisdiction over this interlocutory appeal.

Section 16 of the Federal Arbitration Act, 9 U.S.C. § 16 (1994), states:

(a) An appeal may be taken from—
  (1) an order—
    (A) refusing a stay of any action under section 3 of this title,
    (B) denying a petition under section 4 of this title to order arbitration to proceed,
    (C) denying an application under section 206 of this title to compel arbitration,
    (D) confirming or denying confirmation of an award or partial award, or
    (E) modifying, correcting, or vacating an award;
  (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or
  (3) a final decision with respect to an arbitration that is subject to this title.
(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—
  (1) granting a stay of any action under section 3 of this title;
  (2) directing arbitration to proceed under section 4 of this title;
  (3) compelling arbitration under section 206 of this title; or
  (4) refusing to enjoin an arbitration that is subject to this title.

In short, section 16(a)(1)-(2) allows appeals from orders preventing arbitration; section 16(b) bars appeals from orders allowing arbitration to go forward. *See Randolph v. Green Tree Fin. Corp.*, 178 F.3d 1149, 1153 (11th Cir.1999), *cert. granted*, —— U.S. ——, 120 S.Ct. 1552, 146 L.Ed. 458 (2000). This limitation of appeals "reflects the studied determination of Congress to promote arbitration and to keep judicial involvement to the barest minimum." *O.P.C. Farms Inc. v. Conopco Inc.*, 154 F.3d 1047, 1049 (9th Cir.1998). If, however, an order can be characterized as a "final decision with respect to an arbitration [under] this title" pursuant to section 16(a)(3), then appeal is permitted. *See McCarthy*, 122 F.3d at 1244.

This court has concluded that when the arbitration issue is the only claim before the district court, an order compelling arbitration disposes of the entire case and appellate review is permitted, because the decision is "final" under section 16(a)(3). *See id.* When, however, the duty to arbitrate arises as one part of a broader action dealing with other substantive issues, the motion to compel arbitration is "embedded" in the substantive suit. *Id.* In such an "embedded" action, " 'the district court's decision to compel arbitration of some or all of the claims before it is not considered to be final, and therefore not reviewable.' " *Id.* (quoting *Prudential Ins. Co. of Am. v. Lai*, 42 F.3d 1299, 1302 (9th Cir.1994)). This is because the order resolves only the arbitration claim, and not the other claims in issue in the lawsuit. *See id.*

In *McCarthy*, this court concluded that a motion to compel arbitration was an "embedded" claim and that an order to compel arbitration was not appealable, even when the district court did not stay the rest of the action while arbitration proceeded, but rather dismissed the action. *See id.* at 1245. Noting the "potential harshness" of the arbitration requirement, we nevertheless emphasized "we are not precluding review of the district court's order compelling arbitration; we are merely postponing

it until the arbitration proceeding has run its course." *Id.*

The Cooks' complaint alleged breach of contract, breach of fiduciary duty, fraud, and violation of the Securities and Exchange Act, among other claims. The motion to compel arbitration is clearly "embedded" in an action dealing with other substantive issues. Under section 16 and *McCarthy,* we have no appellate jurisdiction over the district court's dismissal of the Cooks' action on the grounds that the parties were subject to a valid arbitration agreement.[2]

Our lack of jurisdiction is not affected by Cook's filing of a demand for a jury trial. Under 9 U.S.C. § 4, once the district court has determined not to send the dispute to arbitration, the court shall hear and determine the case unless the party filing suit makes a timely demand for a jury trial. Because we are without jurisdiction to review the court's threshold decision to compel arbitration and to dismiss the case, we do not reach the issue of whether the district court should have granted Cook a jury trial if it had reached the opposite conclusion.

DISMISSED.

**2.** Four circuits join the Ninth in concluding that an order compelling arbitration is "embedded" and therefore unappealable as interlocutory, even when the district court dismisses the entire action. *See Seacoast Motors of Salisbury, Inc. v. Chrysler Corp.,* 143 F.3d 626, 628–29 (1st Cir.), *cert. denied,* 525 U.S. 965, 119 S.Ct. 410, 142 L.Ed.2d 333 (1998); *Napleton v. General Motors Corp.,* 138 F.3d 1209, 1212 (7th Cir.), *cert. denied,* 525 U.S. 931, 119 S.Ct. 341, 142 L.Ed.2d 281 (1998); *Altman Nursing, Inc. v. Clay Capital Corp.,* 84 F.3d 769, 771 (5th Cir.1996); *Gammaro v. Thorp Consumer Discount Co.,* 15 F.3d 93, 95 (8th Cir.1994). Three circuits have concluded that "a district court's order compelling arbitration in an embedded proceeding is an appealable 'final decision' where it dismisses the remaining claims." *Randolph,* 178 F.3d at 1154 (11th Cir.); *see Armijo v. Prudential Ins. Co.,* 72 F.3d 793, 797 (10th Cir.1995); *Arnold v. Arnold Corp.,* 920 F.2d 1269, 1276 (6th Cir.1990).