INTERACTIVE FLIGHT TECHNOLOGIES, INC., Plaintiff–Appellant,

v.

SWISSAIR SWISS AIR TRANSPORT COMPANY, LTD.; SR Technics, Ltd. Defendants–Appellees.

No. 00–15933.

United States Court of Appeals, Ninth Circuit.

Filed May 29, 2001

Before: PREGERSON, FERNANDEZ and WARDLAW, Circuit Judges.

## ORDER

This case is before us on remand from the United States Supreme Court, which vacated this court's previous judgment of dismissal for lack of jurisdiction and remanded the case for further consideration. *See Interactive Flight Techs., Inc. v. Swissair Swiss Air Transp. Co.,* — U.S. —, 121 S.Ct. 1184, 149 L.Ed.2d 101 (2001). Specifically, the Court directed that we further consider the case in light of the subsequently issued opinion in *Green Tree Financial Corp.-Alabama v. Randolph,* 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). We now do so and, in particular, we reconsider appellees' August 7, 2000, motion to dismiss.

The plaintiff and appellant in this case, Interactive Flight Technologies, Inc., brought several substantive legal claims against three defendants in district court. One defendant was dismissed pursuant to stipulation, and the other two defendants moved to dismiss based in part on arbitration provisions existing in various contracts between the parties. The district court dismissed one cause of action for failure to state a claim, but otherwise construed the motions as seeking to compel arbitration and ordered the parties to arbitrate the remaining claims. The court then dismissed the action without prejudice, and Interactive Flight appealed.

Under our prior case law, dismissals in favor of arbitration were not appealable when the lawsuit concerned substantive legal claims in addition to a party's request to arbitrate. *See Cook v. Erbey,* 207 F.3d 1104, 1106–07 (9th Cir.2000); *McCarthy v. Providential Corp.,* 122 F.3d 1242, 1244–45 (9th Cir.1997). These decisions were law of the circuit at the time of the prior decision in this case-although the

Supreme Court had granted certiorari in a case that raised the issue previously decided by our court. *See Green Tree Financial Corp.-Alabama v. Randolph,* 529 U.S. 1052, 120 S.Ct. 1552, 146 L.Ed.2d 458 (2000). Accordingly, this court's prior decision applied standing circuit law and granted appellees' motion to dismiss for lack of jurisdiction. Appellant eventually petitioned for certiorari.

▮ In its *Green Tree* decision, the Supreme Court held that an order dismissing an action remains a "final decision" within the traditional understanding of that term, notwithstanding that the dismissal was in favor of arbitration and that the parties could later return to court to enter judgment on an arbitration award. *See* 121 S.Ct. at 519–21; *accord McCarthy,* 122 F.3d at 1245–49 (Pregerson, J., dissenting). The *Green Tree* Court therefore concluded that the reference in 9 U.S.C. § 16(a)(3) to "a final decision with respect to an arbitration that is subject to this title" authorizes appeals from orders dismissing actions in favor of arbitration. *See* 121 S.Ct. at 521. The Court found this to be true regardless of whether the lawsuit was an "independent" action brought solely to enforce arbitration rights, or an action in which the request to arbitrate was "embedded" in a case that also raised substantive legal claims. *See id.* at 520.

In reaching this result, the Supreme Court noted that a majority of the Courts of Appeals had held to the contrary, *see id.* at 520 n. 3, citing several cases including this court's decision in *McCarthy.* It is therefore clear that *McCarthy* and *Cook* (which followed *McCarthy* ) are no longer good law to the extent that they conflict with *Green Tree,* and we accordingly overrule them. *See United States v. Checchini,* 967 F.2d 348, 350 (9th Cir.1992) (applying rule that three-judge panels may depart from circuit precedent that is inconsistent with an intervening Supreme

Court decision). Under *Green Tree,* the district court's dismissal of the present case is an appealable order.

One issue remains. In their reply papers supporting the motion to dismiss, appellees also suggest that the district court's dismissal in this case was not final simply because it was made without prejudice. We reject this argument because the district court's order and judgment sufficiently show that the court intended to close this case without precluding the parties from bringing a new action after completing arbitration. It is only in this sense that the dismissal was "without prejudice," and that is not enough to show that the dismissal was interlocutory rather than an appealable final decision. *See Green Tree,* 121 S.Ct. at 520 (existence of future remedy of entering judgment on arbitration award does not preclude finality from dismissal in favor of arbitration); *cf. Prudential Ins. Co. of Am. v. Lai,* 42 F.3d 1299, 1302 (9th Cir.1994) (holding that order compelling arbitration is appealable when request to arbitrate is only claim before district court); *National Distrib'n Agency v. Nationwide Mutual Ins. Co.,* 117 F.3d 432, 433–434 (9th Cir.1997) (indicating that an order that neither leaves claims unresolved nor reflects an intent by the court to grant leave to amend will ordinarily be final).

Per the instructions of the Supreme Court, the judgment in this matter filed September 18, 2000, is vacated. We sua sponte recall the mandate issued on November 24, 2000, and, on reconsideration, we deny appellees' August 7, 2000, motion to dismiss this appeal.

The Clerk shall reopen this appeal and set a schedule for the parties to brief the merits.