Carmen B. PATTI, Plaintiff–Appellant,

v.

ROCKWELL INTERNATIONAL CORP., Defendant–Appellee.

No. 00–55847.

D.C. No. CV–98–00653–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2001.

Decided Dec. 19, 2001.

Before O'SCANNLAIN and PAEZ, Circuit Judges, and KING,* District Judge.

## MEMORANDUM **

Carmen B. Patti appeals from the district court's dismissal of his action against his former employer, Rockwell International Corp., for age discrimination, breach of an implied contract of employment, and breach of the covenant of good faith and fair dealing. The facts and prior proceedings are known to the parties; they are not cited herein, except as necessary.

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

## I

We reject Rockwell's contention that Patti's appeal as to the arbitrability of his claims is untimely and therefore barred. Although the law of this circuit differed at the time, *see McCarthy v. Providential Corp.*, 122 F.3d 1242, 1244–45 (9th Cir.1997), it is now settled that the dismissal of Patti's suit "without prejudice" to his right to seek arbitration was a final, appealable order under 28 U.S.C. § 1291. *See Interactive Flight Techs., Inc. v. Swissair Swiss Air Transp. Co.*, 249 F.3d 1177, 1178–79 (9th Cir.2001) (holding that *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 85–89, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000), overruled *McCarthy* ). However, it appears that the district court did not enter judgment in a separate document upon dismissing the action, as required by Federal Rule of Civil Procedure 58; therefore, whether or not the Supreme Court's ruling in *Green Tree* applies retroactively, the thirty-day period for filing a notice of appeal did not run against Patti. *Vernon v. Heckler*, 811 F.2d 1274, 1276 (9th Cir. 1987). We have jurisdiction despite the failure to enter judgment separately because that requirement is waivable by the appellant's filing a notice of appeal and the appellee's failure to object. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam); *Vernon*, 811 F.2d at 1276–77. The merits of this appeal therefore are properly before us.

## II

Patti's assertion that the arbitration clause is void because contained in a contract of employment is foreclosed by the Supreme Court's recent construction

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

of section 1 of the Federal Arbitration Act (FAA). *See Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 121 S.Ct. 1302, 1311, 149 L.Ed.2d 234 (2001) (construing 9 U.S.C. § 1 (1994)). Therefore, whether or not the district court correctly determined that the stock option agreement that Patti signed was not an employment contract, the arbitration clause of that agreement is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract." 9 U.S.C. § 2 (1994).

Patti contends in his supplemental brief that the arbitration clause is unenforceable under California law. Even if this argument, which he did not raise in the district court or in his opening brief, were properly before us, it would be meritless. The agreement contained no choice of law provision, and Patti offers no reason why California's choice of law rules would compel the application of California substantive law when Illinois was the location of his employment, the execution of the contract, his termination, and the arbitration. *See* Cal. Civ.Code § 1646 (West 1985). Patti does not assert that Illinois law renders this arbitration agreement unenforceable, and all indications are to the contrary. *See, e.g., Bishop v. We Care Hair Dev. Corp.,* 316 Ill.App.3d 1182, 250 Ill.Dec. 394, 738 N.E.2d 610, 621–23 (Ill. App.Ct.), *appeal denied,* 192 Ill.2d 685, 252 Ill.Dec. 76, 742 N.E.2d 326 (Ill.2000).

For the foregoing reasons, we hold that the arbitration agreement was enforceable. The district judge therefore properly dismissed Patti's complaint. Patti has offered no argument on appeal that the arbitration award is subject to vacatur under the grounds set out in section 10 of the FAA. *See* 9 U.S.C. § 10 (1994). We therefore find no error in the district court's denial of Patti's petition to vacate the arbitration award.

III

The judgment of the district court is AFFIRMED.