**SALIM OLEOCHEMICALS,**
**Plaintiff–Appellant,**

v.

**M/V SHROPSHIRE, et al.,**
**Defendants–Appellees.**

**Docket No. 01–7624.**

United States Court of Appeals,
Second Circuit.

Submitted Aug. 20, 2001.

Decided Jan. 18, 2002.

Harold M. Kingsley, Steven P. Calins, Kingsley, Kingsley & Calkins, Hicksville, NY, for Plaintiff–Appellant.

J. Scot Provan, Kirlin, Campbell & Keating, New York City, for Defendants–Appellees.

Before: SACK, SOTOMAYOR, and KATZMANN, Circuit Judges.

SOTOMAYOR, Circuit Judge.

Plaintiff Salim Oleochemicals, Inc. ("SOI") purchased a cargo of glycerine in 1996 and contracted to ship the cargo from Indonesia to New Jersey. SOI was the consignee on the shipment's bill of lading. The bill explicitly incorporated a contract of affreightment between defendant Botany Bay Parcel Tankers International ("BBPTI") and Salim Oleochemicals Pte.

Ltd., providing that any arbitration was to be conducted in London.

After the cargo arrived damaged by contamination, SOI sold it for salvage and brought an action for monetary damages against all of the defendants—M/V Shropshire, Bibby International Services (IOM) Ltd., Langston Shipping Ltd., BBPTI, and Botany Bay Management Services Pty. Ltd. (collectively, "defendants"). Thereafter, defendants requested that the action be stayed pending arbitration in London, as provided for in the contract of affreightment. SOI agreed to the arbitration, but sought to arbitrate the dispute only under the terms of the contract of affreightment, not the bill of lading in which the contract was incorporated. Defendants contended that the arbitrator lacked subject matter jurisdiction because SOI was not a signatory to the contract. When SOI refused to bring the arbitration claims under the terms of the bill of lading, the arbitrator granted defendants' motion to dismiss for lack of subject matter jurisdiction.

Following the arbitrator's ruling, SOI reopened its action in the district court and moved for summary judgment. The defendants opposed the motion and moved to compel SOI to bring the action, under the contract as incorporated in the bill of lading, in a London arbitration. SOI then moved for sanctions against the defendants for moving to compel arbitration.

The United States District Court for the Southern District of New York (Buchwald, J.) granted defendants' motion and denied SOI's motion. The district court also denied SOI's subsequent motion for reconsideration and request for certification of the court's prior order pursuant to 28 U.S.C. § 1292(b). The district court dismissed the case without prejudice to SOI's right to reopen it at the conclusion of the arbitration proceedings. SOI appeals from the district court's order, and defendants now move to dismiss the appeal on the grounds that this is an "embedded" action and thus not appealable under the law of this circuit. Pursuant to the Supreme Court's decision in *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000), we hold that a dismissal without prejudice in favor of arbitration is an appealable "final decision" under 9 U.S.C. § 16(a)(3) and that *Green Tree* has overruled our precedents that distinguish between "independent" and "embedded" actions for purposes of appealability. We therefore deny defendants' motion to dismiss the appeal.

## DISCUSSION

■ Section 16 of the Federal Arbitration Act ("FAA") governs the appealability of arbitration orders. 9 U.S.C. § 16. It provides that an immediate appeal may be taken from "a final decision with respect to an arbitration that is subject to this title." *Id.* § 16(a)(3). However, an immediate appeal does not lie, absent certification pursuant to 28 U.S.C. § 1292(b), from an "interlocutory order ... granting a stay of any action under section 3 of this title; ... directing arbitration to proceed under section 4 of this title; ... [or] compelling arbitration under section 206 of this title." [1] *Id.* § 16(b).

We have previously held that the issue of whether an arbitration order is immediately appealable depends upon whether the underlying action is "independent" or "embedded." *CPR (USA) Inc. v. Spray*,

---

1. Where there has been no certification pursuant to § 1292(b), the collateral order doctrine cannot be used to circumvent the appealability provisions of the FAA, regardless of whether the order mandates arbitration or refuses to stay an action pending arbitration. *See Filanto, S.p.A. v. Chilewich Int'l Corp.*, 984 F.2d 58, 60 n. 2 (2d Cir.1993).

187 F.3d 245, 252 (2d Cir.1999); *Ermenegildo Zegna Corp. v. Zegna,* 133 F.3d 177, 181 (2d Cir.1998); *Filanto,* 984 F.2d at 60–61. We considered an action "independent" where "the plaintiff seeks an order compelling or prohibiting arbitration or a declaration that a dispute is arbitrable or not arbitrable, and no party seeks any other relief." *Filanto,* 984 F.2d at 60. In contrast, an action was deemed "embedded" where the plaintiff seeks some relief in addition to an order addressing the arbitrability issue. *Id.* Our rule was that an order compelling arbitration in an "independent" action was a final, appealable judgment under the FAA but that such an order in an "embedded" action could not be appealed. *Id.*

In *Green Tree Financial Corp. v. Randolph,* however, the Supreme Court established a different analytical approach for determining whether an arbitration order is an appealable "final decision" under 9 U.S.C. § 16(a)(3) or an unappealable "interlocutory order" under § 16(b). 531 U.S. at 86–89, 121 S.Ct. 513. The Court held that an order dismissing an entire action with prejudice and ordering arbitration is an appealable final decision under § 16(a)(3), regardless of whether the action would be deemed "independent" or "embedded" by courts, like ours, that embraced that distinction. 531 U.S. at 88–89, 121 S.Ct. 513. Rather, the Court applied the "well-developed and longstanding" definition of "final decision": "It is a decision that ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Id.* at 86, 121 S.Ct. 513 (internal quotations marks omitted). The Court explained,

> Certainly the plain language of the statutory text does not suggest that Congress intended to incorporate the rather complex independent/embedded distinction, and its consequences for finality, into § 16(a)(3). We therefore conclude that where, as here, the District Court has ordered the parties to proceed to arbitration, and dismissed all the claims before it, that decision is "final" within the meaning of § 16(a)(3), and therefore appealable.

*Id.* at 88–89, 121 S.Ct. 513. The Court further noted that, had the district court simply entered a stay rather than a dismissal, the order would not have been appealable. *Id.* at 87 n. 2, 121 S.Ct. 513 (citing § 16(b)(1)).

Thus, the analysis prescribed in *Green Tree* displaces our approach which turned on the independent/embedded distinction.[2] *Cf. Seacoast Motors of Salisbury, Inc. v. DaimlerChrysler Motors Corp.,* 271 F.3d 6, 8 (1st Cir.2001) (noting that *Green Tree* rejected the First Circuit's independent/embedded distinction); *Interactive Flight Techs., Inc. v. Swissair Swiss Air Transp. Co.,* 249 F.3d 1177, 1179 (9th Cir. 2001) (finding that the Ninth Circuit's precedents embracing the distinction between "independent" and "embedded" actions for appealability purposes are "no longer good

---

**2.** We note that, given the flexibility with which we applied the independent/embedded distinction, the differences between the *Green Tree* approach and our precedents may not be dramatic. For example, in *CPR (USA) Inc.,* we found an action seeking a stay of arbitration to be independent, and thus appealable, where the other portions of the claim were dismissed on jurisdictional grounds. 187 F.3d at 253–54. We reasoned that "if the district court, having ordered the parties to arbitrate, has no independent substantive issue left before it—only issues relating to the validity of the arbitrator's award—then the order compelling arbitration is, effectively, a final order and an immediate appeal will be proper." *Id.* at 253. While we note the similarity between this analysis and the new *Green Tree* approach, we need not decide whether the two approaches would yield the same result in the instant case.

law" in light of *Green Tree* ); *Employers Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1321–22 (11th Cir.2001) (finding appellee's arguments based on the Eleventh Circuit's independent/embedded distinction to be "foreclosed by the Supreme Court's recent opinion in *Green Tree* ").

■■ Unlike the action in *Green Tree*, the dismissal in the instant case was without prejudice to reopening upon issuance of the arbitrator's decision. In this circuit, however, "dismissals with and without prejudice are equally appealable as final orders." *Allied Air Freight, Inc. v. Pan Am. World Airways, Inc.*, 393 F.2d 441, 444 (2d Cir.1968); *see also Elfenbein v. Gulf & Western Indus., Inc.*, 590 F.2d 445, 449 (2d Cir.1978); *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 821 (2d Cir.1967). There is thus no reason to think that a dismissal without prejudice is any less a "final decision" under *Green Tree* than is a dismissal with prejudice. *See Interactive Flight Techs.*, 249 F.3d at 1179 (a dismissal is an appealable final order pursuant to *Green Tree* even if it is "without prejudice"); *see also Employers Ins. of Wausau*, 251 F.3d at 1322 n. 6 ("Although the district court did not specify whether the dismissal was with or without prejudice, the arbitration order clearly disposed of the entire case on the merits and left no part of it pending before the court. Moreover, the district court could have, but did not, stay the case pending arbitration.") (citing *Green Tree*, 531 U.S. at 87 n. 2, 121 S.Ct. 513). Thus *Green Tree*, read in light of this Court's precedents, compels the conclusion that a dismissal without prejudice in favor of arbitration is an appealable decision under the FAA.

We urge district courts in these circumstances to be as clear as possible about whether they truly intend to dismiss an action or mean to grant a stay pursuant to 9 U.S.C. § 3, which supplies that power, or whether they mean to do something else entirely. Courts should be aware that a dismissal renders an order appealable under § 16(a)(3), while the granting of a stay is an unappealable interlocutory order under § 16(b). Our recognition of the "pro-arbitration tilt of the statute," *Filanto*, 984 F.2d at 61, drove our previous use of the independent/embedded distinction and remains an important policy consideration. Unnecessary delay of the arbitral process through appellate review is disfavored. *Cf. Ermenegildo Zegna*, 133 F.3d at 180. District courts should continue to be mindful of this "liberal federal policy favoring arbitration agreements," *id.* at 180 (quotation marks omitted), when deciding whether to dismiss an action or instead to grant a stay.

## CONCLUSION

For the reasons stated, defendants' motion to dismiss plaintiff's appeal is denied. The clerk's office is directed to issue an order scheduling briefing on this appeal.