United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-20082
Summary Calendar

WESTLAKE STYRENE CORPORATION,

Plaintiff-Appellant,

versus

P.M.I. TRADING, LTD.,

Defendant-Appellee.

**Appeal from the United States District Court
for the Southern District of Texas
(H-01-CV-4100)**

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Westlake appeals an order to compel arbitration, contending the parties never agreed to arbitrate this dispute. On the other hand, P.M.I. contends we lack appellate jurisdiction because the district court's dismissal without prejudice is not a final decision, and, alternatively, the parties agreed to arbitration.

On 21 February 2002, the district court granted P.M.I.'s motion to compel arbitration, staying the action and ordering the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

parties to submit status reports every 30 days. That October, the district court realized the parties were not complying with its status report order and ordered the parties to submit reports by 1 November 2002. After receiving those reports, the district court dismissed the action *without* prejudice on 27 November, stating: "Because all of the issues in this action are to be arbitrated, there is no reason to retain jurisdiction over the case". ***Westlake Styrene Corp. v. P.M.I. Trading, Ltd.***, No. H-01-CV-4100 (S.D.Tex. 27 November 2002).

The Federal Arbitration Act states, *inter alia*, that an appeal may be taken from "a final decision with respect to an arbitration ...." 9 U.S.C. § 16(a)(3). Along this line, the Supreme Court has applied the "well-developed and long-standing meaning" of "final decision": "a decision that ends litigation on the merits and leaves nothing more for the court to do than execute a judgment". ***Green Tree Financial Corp. – Alabama v. Randolph***, 531 U.S. 79, 86 (2000) (internal quotation omitted).

The dismissal without prejudice ended the litigation on the merits, by sending all the issues to arbitration and leaving the district court nothing more to do than execute the judgment. Thus, its order was a final decision, and we have appellate jurisdiction. ***Id.*** at 89 ("where ... the District Court has ordered the parties to proceed to arbitration, and dismissed all the claims before it, that decision is 'final'"); ***Salim Oleochemicals v. M/V SHROPSHIRE***,

2

278 F.3d 90, 93(2d Cir.) ("dismissals with and without prejudice are equally appealable as a final orders"), *cert. denied*, __ U.S. __, 123 S. Ct. 696 (2002); ***Blair v. Scott Specialty Gases***, 283 F.3d 595, 602 (3d Cir. 2002) (noting ***Green Tree*** decision did not hinge on whether dismissal was with or without prejudice and holding dismissal without prejudice was final and appealable); ***Hirras v. Nat'l R.R. Passenger Corp.***, 10 F.3d 1142, 1144 n.2 (5th Cir. 1994) (holding dismissal without prejudice of Title VII claim immediately appealable where it was subject to arbitration and "'[w]ithout prejudice' ... simply meant without detriment to [Plaintiff's] ability to present the claims to an arbitrator"), *vacated on other grounds*, 512 U.S. 1231 (1994).

Based upon our review of the briefs and the record, and essentially for the reasons given by the district court in its comprehensive and well-reasoned opinion, the district court correctly decided that the parties agreed to arbitrate these disputes.

***AFFIRMED***