14-578-cv
Scott v. JPMorgan Chase & Co.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand fifteen.

PRESENT:  REENA RAGGI,
          RICHARD C. WESLEY,
          GERARD E. LYNCH,
                    *Circuit Judges.*

------------------------------------------------------------------------

LAURIE SCOTT, individually and on behalf of all others similarly situated,

                    *Plaintiff-Appellant,*

          v.                                       No. 14-578-cv

JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., CHASE BANK USA, N.A.,

                    *Defendants-Appellees.*

------------------------------------------------------------------------

APPEARING FOR APPELLANT:      JOSEPH I. MARCHESE (Scott A. Bursor, Neal J. Deckant, *on the brief*), Bursor & Fisher, P.A., New York, New York.

APPEARING FOR APPELLEES:      NOAH A. LEVINE (Alan E. Schoenfeld, Wilmer Cutler Pickering Hale and Dorr LLP, New York, New York; Matthew P. Previn, Caroline K. Eisner, BuckleySandler LLP, New York, New York, *on the brief*), Wilmer Cutler

1

Pickering Hale and Dorr LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 31, 2014, is AFFIRMED.

Plaintiff Laurie Scott filed this putative class action against defendant JPMorgan Chase Bank, N.A. ("JPMCB") for unilaterally enrolling her and other customers into its overdraft protection service, which conduct she asserts violates the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693 et seq.; the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq.; and California state statutory and common law. Scott also named as defendants JPMorgan Chase & Co. ("JPMC"), JPMCB's parent holding company; and Chase Bank USA, N.A. ("CBUSA"), a nationally chartered bank that issues credit cards. Scott now appeals from the dismissal without prejudice of her complaint, which the district court ordered after granting defendants' motion to stay proceedings in favor of arbitration. See Scott v. JPMorgan Chase & Co., No. 13 Civ. 646 (KPF), 2014 WL 338753 (S.D.N.Y. Jan. 30, 2014); see also 9 U.S.C. § 16(a)(3); Salim Oleochemicals v. M/V Shropshire, 278 F.3d 90, 93 (2d Cir. 2002).[1] Scott argues that the

_____

[1] Although the district court was initially inclined only to stay the action in light of our expressed concern in Salim that dismissals followed by appellate review might unnecessarily delay the arbitral process, see 278 F.3d at 93, it was upon Scott's specific request for dismissal of all claims against each defendant that successfully argued in favor of a stay that the court entered the challenged judgment.

2

district court erred by refusing to give effect to a settlement agreement in another case, which she alleges prevents defendants JPMC and CBUSA from requiring arbitration of her claims here. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm. No lengthy explanation is needed, however, because while our standard of review is de novo, see McMahan Sec. Co. L.P. v. Forum Capital Markets, L.P., 35 F.3d 82, 86 (2d Cir. 1994), upon such review, we conclude that we can affirm largely for the reasons stated by the district court in its thorough and carefully reasoned opinion.

1.      Motion for Stay Pending Arbitration

The Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., "establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution." Preston v. Ferrer, 552 U.S. 346, 349 (2008). In deciding whether the parties have so contracted, a court must consider (1) whether they "have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." Ameriprise Fin. Servs., Inc. v. Beland (In re Am. Express Fin. Advisors Sec. Litig.), 672 F.3d 113, 128 (2d Cir. 2011).

Here, Scott does not dispute that in her deposit account agreement with JPMCB, she agreed that "any dispute relating in any way to [her] account or transactions [would] be resolved by binding arbitration," J.A. 175, whether involving JPMCB, its affiliates, or a third party, see id. at 176 ("Arbitration applies whenever there is a Claim between you and us. If a third party is also involved in a Claim between you and us, then the Claim will be

3

decided with respect to the third party in arbitration as well, and it must be named as a party . . . .  For purposes of arbitration, . . . 'we' includes [JPMCB], all its affiliates, and all third parties who are regarded as agents or representatives of ours in connection with a Claim.").  Scott does not contest the validity of this agreement, nor does she contend that the instant dispute falls outside the scope of the agreement.

Instead, Scott points to a settlement agreement entered in another action, <u>Ross v. Bank of America, N.A. (USA)</u>, No. 05 Civ. 7116 (WHP) (S.D.N.Y.) (the "Ross Settlement"), in which defendants JPMC and CBUSA—sued under Section 1 of the Sherman Act, 15 U.S.C. § 1, for collusively adopting class-action-barring arbitration clauses in credit card agreements—agreed not to enforce arbitration clauses based on such agreements.  <u>See</u> J.A. 214 ("Chase will not seek to enforce an Arbitration Clause . . . against a member of the Settlement Class based on currently existing or pre-existing United States Cardholder Agreements . . . ."); <u>id.</u> at 205, 208 (defining "Chase" as "JPMorgan Chase & Co. and Chase Bank USA, N.A.").

JPMCB was not a party to the Ross Settlement, and that agreement therefore cannot bar JPMCB from requiring Scott to arbitrate disputes under its deposit account agreement. As for JPMC and CBUSA, we conclude, as the district court did, that although these defendants are parties to the Ross Settlement, that agreement does not reach the arbitration clause of the deposit account agreement at issue here.

In urging otherwise, Scott argues that (1) the deposit account agreement contains an "Arbitration Clause" within the meaning of the Ross Settlement because it is a "document

4

purportedly binding cardholders," J.A. 208; and (2) enforcement of the deposit account agreement's arbitration clause is "based on" her cardholder agreement, given her allegation that defendants unilaterally designated her credit card account as the funding account for overdraft protection on her deposit account, id. at 214. The argument is unconvincing for reasons discussed in detail by the district court. We note here only that the relevant provisions of the Ross Settlement specifically reference cardholders and arbitration obligations based on cardholder agreements. No language in the Ross Settlement suggests an agreement to absolve persons who happen to be cardholders of their arbitration obligations under other types of agreements. Thus, while "Arbitration Clause" is defined expansively as "any document purportedly binding cardholders" to arbitrate disputes, the Settlement precludes enforcement only of Arbitration Clauses "based on . . . Cardholder Agreements." Id. at 208, 214.

That conclusion is further reinforced by placing the enforcement ban in context. See Collins v. Harrison-Bode, 303 F.3d 429, 433 (2d Cir. 2002) (stating that settlement agreements are construed according to general principles of contract law, which require words to be considered not in isolation from context, but in light of overall obligation and intention of parties as manifested thereby (citing Kass v. Kass, 91 N.Y.2d 554, 566, 673 N.Y.S. 2d 350, 356–57 (1998)). The primary obligation the Ross Settlement imposes on JPMC and CBUSA is the elimination of arbitration clauses from cardholder agreements. Toward this end, JPMC and CBUSA agreed (1) to remove promptly any and all arbitration clauses from their cardholder agreements, (2) not to restore or otherwise insert arbitration

5

clauses into cardholder agreements for three-and-a-half years, and (3) not to seek enforcement of any arbitration clause "based on" currently existing or pre-existing cardholder agreements. J.A. 214. When viewed in this context, the Ross Settlement reflects JPMC's and CBUSA's clear agreement not to enforce or pursue arbitration based on credit card agreements. It does not indicate any comparable intent with respect to arbitration based on other agreements, such as the deposit account agreement that Scott entered into with JPMCB.

Accordingly, Scott has identified no error in the district court's grant of a stay pending arbitration or in its order of dismissal without prejudice.

2.    Motion for Judicial Notice

We deny Scott's motion to take judicial notice of her 2012 cardholder agreement, given that it was not presented to the district court and Scott has not demonstrated extraordinary circumstances warranting its consideration on appeal. See IBM Corp. v. Edelstein, 526 F.2d 37, 45 (2d Cir. 1975) ("[A]bsent extraordinary circumstances, federal appellate courts will not consider rulings or evidence which are not part of the trial record.").

3.    Conclusion

We have considered Scott's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6