**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERICH HEIDRICH; et al., | No. 18-16494 |
| Plaintiffs-Appellants, | D.C. No. 2:16-cv-02821-TLN-EFB |
| v. | |
| PENNYMAC FINANCIAL SERVICES, INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted January 21, 2020
San Francisco, California

Before: W. FLETCHER and R. NELSON, Circuit Judges, and MOLLOY,[**] District Judge.

Former employees of PennyMac Financial Services, Inc., appeal the district

court's order compelling arbitration of their claims under the Federal Fair Labor

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Standards Act, 29 U.S.C. §§ 201 *et seq.*, and dismissing the action. We have jurisdiction under 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(3). *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 89 (2000); *Interactive Flight Techs., Inc. v. Swissair Swiss Air Transp. Co.*, 249 F.3d 1177, 1179 (9th Cir. 2001). We hold that we are bound by a decision of the California Court of Appeal holding that PennyMac's arbitration agreement is unenforceable in its entirety, and we therefore reverse.[1]

The district court compelled arbitration of the employees' FLSA claims, declined to exercise supplemental jurisdiction over their state-law claims, dismissed all claims before it, and entered judgment. The district court reasoned that the employees' FLSA claims were arbitrable under *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), but it did not consider the employees' alternative argument that PennyMac's arbitration agreement was unenforceable because it contained an unlawful waiver of representative claims under the California Private Attorneys General Act, Cal. Lab. Code §§ 2698 *et seq.*, and that the waiver was inseverable from the remainder of the arbitration agreement. After the district court rendered its decision, the California Court of Appeal held in *Smigelski v.*

_____

[1] PennyMac's motion for an order that the excerpts of record be supplemented (Dkt. 41) is DENIED as moot.

2

*PennyMac Financial Services, Inc.*, No. C081958, 2018 WL 6629406, at \*12 (Cal. Ct. App. Dec. 19, 2018) (unpublished), *reh'g denied* (Jan. 9, 2019), *review denied*, S253796 (Cal. Apr. 10, 2019), *cert. denied*, 140 S. Ct. 223 (2019), that PennyMac's arbitration agreement contains an unlawful and inseverable PAGA waiver and that therefore "PennyMac cannot compel arbitration of any of Smigelski's causes of action, including causes of action that would otherwise be arbitrable."

The Full Faith and Credit Clause and its implementing statute require that federal courts "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *Rodriguez v. City of San Jose*, 930 F.3d 1123, 1130 (9th Cir. 2019); *see also* U.S. Const. art. IV, § 1; 28 U.S.C. § 1738. Under California law, issue preclusion applies against a party to a prior proceeding in which the issue to be precluded was actually litigated and necessarily decided in a final decision on the merits unless the application of issue preclusion would be inconsistent with public policy. *See White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012) (citing *Lucido v. Superior Court*, 795 P.2d 1223, 1225–27 (Cal. 1990)).

The requirements of issue preclusion under California law are met here. PennyMac was a party to the prior proceeding; identical arbitration agreements were at issue; the parties vigorously litigated whether the agreements contained unenforceable PAGA waivers and whether those waivers were severable; the Court of Appeal expressly decided those issues; and its decision is final on appeal.

PennyMac argues that the issues here differ from those decided in *Smigelski* because the employees here assert claims under federal law. We disagree. The Court of Appeal in *Smigelski* held that the severability provisions of PennyMac's arbitration agreement prohibited severance of provisions found to violate state law. *See* 2018 WL 6629406, at *11. For that reason, the court held that the agreements were unenforceable in their entirety, not only as to PAGA claims or to claims under state law. *See id.* at *12. That PennyMac disagrees with the Court of Appeal's application of federal law is not a valid basis for refusing that decision full faith and credit as required by § 1738. *See Allen v. McCurry*, 449 U.S. 90, 95–96 (1980).

The district court declined to exercise supplemental jurisdiction over the employees' state-law claims for the sole reason that it had dismissed all federal claims before it. Because we reverse the district court's order dismissing the employees' federal claims, we also reverse as to their state-law claims.

**REVERSED.**

4