NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SERGIO GONZALEZ, on behalf of himself
and all others similarly situated,

No.   19-55511

Plaintiff-Appellant,

D.C. No.
5:16-cv-02287-JGB-KK

v.

COVERALL NORTH AMERICA, INC.,

MEMORANDUM*

Defendant-Appellee.

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted July 7, 2020
Pasadena, California

Before:  BERZON and COLLINS, Circuit Judges, and KATZMANN,** Judge.

Memorandum joined by Judge BERZON and Judge KATZMANN;
Dissent by Judge COLLINS

Plaintiff Sergio Gonzalez ("Gonzalez") appeals the district court's order

denying his motion to reopen his lawsuit against defendant Coverall North

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Gary S. Katzmann, Judge for the United States Court
of International Trade, sitting by designation.

America, Inc. ("Coverall"). We remand to the district court to apply *Henson v. Fidelity National Financial, Inc.*, 943 F.3d 434 (9th Cir. 2019).

Gonzalez contends that, following the district court's order compelling arbitration and staying the case, he moved to dismiss in reliance on this Court's precedent holding that a district court has discretion to stay or dismiss an action after compelling arbitration and that a dismissal in those circumstances is appealable. *See, e.g.*, *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073-74 (9th Cir. 2014). Gonzalez asserts he could not have anticipated this Court's dismissal of his subsequent appeal for lack of jurisdiction. *See Gonzalez v. Coverall N. Am., Inc.*, 754 F. App'x 594, 596 (9th Cir. 2019).

While Gonzalez's present appeal—from the district court's denial of his motion to reopen—was pending, this Court decided *Henson*. Addressing circumstances somewhat analogous to those presented here, *Henson* analyzed several factors that a district court should consider when "evaluating the merits of a Rule 60(b)(6) motion that seeks relief from the dismissal of a [lawsuit] on the ground of an intervening change in the law." 943 F.3d at 440.

Because the district court did not have an opportunity to consider whether and how the *Henson* factors might apply to this case, we remand to allow the district court to do so in the first instance.

We decline to address Gonzalez's arguments that he could not pay for

arbitration and was precluded from a forum because of Coverall's position regarding the allocation of costs. The only issue before us is whether the district court should have reopened the case notwithstanding Gonzalez's motion to dismiss and failed first appeal. We remand for further consideration of that question in light of *Henson*.

**REMANDED.**

*Gonzalez v. Coverall North America, Inc.*, No. 19-55511

COLLINS, Circuit Judge, dissenting:

I dissent from the majority's holding that this court's prior decision in this very case can be said to constitute "an intervening change in the law" that may warrant granting Plaintiff-Appellant Sergio Gonzalez's motion to reopen his case under Federal Rule of Civil Procedure 60(b).

After Gonzalez filed this suit alleging that Defendant-Appellee Coverall North America, Inc. ("Coverall") had misclassified him and others similarly situated to him as independent contractors rather than employees, Coverall moved to compel arbitration under Gonzalez's franchise agreement with Coverall. The district court compelled arbitration on the question of the arbitrability of Gonzalez's claims and stayed the case pending the outcome of that arbitration. After Gonzalez requested a voluntary dismissal in the hope that he might thereby be able to appeal the arbitration order, the district court dismissed the case without prejudice but specifically stated that "it did not make a finding as to whether Plaintiff actually has a right to appeal in this instance." We ultimately concluded that there was no appealable final judgment, and we dismissed Gonzalez's appeal for lack of jurisdiction. *Gonzalez v. Coverall North America, Inc.*, 754 F. App'x 594, 595 (9th Cir. 2019). Thereafter, Gonzalez (who had previously tried to reopen his case while the prior appeal was pending) filed the Rule 60(b)(6) motion

currently under consideration, which the district court denied.  The majority

remands the case with instructions "to apply *Henson v. Fidelity National

Financial, Inc.*, 943 F.3d 434 (9th Cir. 2019)," *see* Mem. Dispo. at 2, a case which

addressed the standards for a Rule 60(b) motion based on a "change in the

controlling law," *Henson*, 943 F.3d at 444.  *Henson* is inapplicable here, and the

majority errs in remanding the case on that basis.

Although the majority asserts that *Henson* "[a]ddress[ed] circumstances

somewhat analogous to those presented here," *see* Mem. Dispo. at 2, that is not

true.  In *Henson*, an intervening decision of the Supreme Court "overrul[ed]

precedent, on which Plaintiffs had relied, that was settled in the Ninth Circuit[.]"

943 F.3d at 447.  Of course, nothing comparable is presented here: the majority

does not identify any intervening decision from the Supreme Court or the en banc

Ninth Circuit that altered the governing law applicable to Gonzalez's case.  In

deeming the prior decision in this case to be "somewhat analogous" to a change in

the law, the majority insinuates that it sympathizes with Gonzalez's assertion that

"he could not have anticipated this Court's dismissal of his subsequent appeal for

lack of jurisdiction."  *See* Mem. Dispo. at 2.  But there are two problems with this

reasoning.

First, it is inconsistent with law-of-the-case principles for a panel of this

court to treat a decision in a prior appeal in the same case as so unexpected and

2

dubious as to possibly warrant a grant of a Rule 60(b) motion based on a change in law. *See Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc) (three-judge panel generally must follow the decision in a prior appeal in the same case). Although we are permitted to depart from the law of the case when the prior decision "is clearly erroneous and its enforcement would work a manifest injustice," *id*. (citation omitted), that high showing has not been made here, and the majority does not suggest that it has been. And it is even more troubling for the majority to suggest that a district court, on remand from a decision of this court, apparently has discretion to grade a Ninth Circuit panel's homework by granting a Rule 60(b) motion on the ground that the panel's decision was too unanticipated. The majority cites no authority that justifies this unorthodox conception of the discretion conferred by Rule 60(b).

Second, there is no basis for the majority's insinuation that the prior panel decision was wrong or unexpected. The majority notes that we have allowed an appeal from a district court order dismissing a case without prejudice when "the court determines that *all of the claims raised in the action are subject to arbitration*." *Johnmohammadi v. Bloomingdale's Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014) (emphasis added) (cited at Mem. Dispo. at 2); *see also Interactive Flight Techs., Inc. v. Swissair Swiss Air Transp. Co.*, 249 F.3d 1177, 1178–79 (9th Cir. 2001) (appeal allowed where, after dismissing one claim, the district court

3

"ordered the parties to arbitrate the remaining claims" and "dismissed the action without prejudice"). But that is not what happened here. The district court had only determined that the threshold issue of *arbitrability* needed to be arbitrated, and that is an inherently interlocutory decision that bears no resemblance to the definitive dismissal at issue in *Johnmohammadi* or *Interactive Flight*. Gonzalez's effort to manufacture appellate jurisdiction over the district court's interlocutory arbitration ruling by requesting voluntary dismissal thus fell squarely within the settled rule that such dismissals do not create a final appealable decision, *see Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995)—as the prior panel properly held.

Because the majority's remand is improper, and I otherwise find no basis for concluding that the district court abused its discretion in refusing to undo the consequences of Gonzalez's "fruitless" "litigation tactic," I would affirm the district court's denial of Gonzalez's Rule 60(b) motion. I respectfully dissent.

4